

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-21-2009

# In Re: Michael Reynolds

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1571

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"In Re: Michael Reynolds " (2009). *2009 Decisions.* Paper 1506.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1506

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-141                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-1571

IN RE:  MICHAEL CURTIS REYNOLDS,
                                                                Petitioner

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 06-cv-01400)

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 19, 2009

Before: BARRY, AMBRO and SMITH, <u>Circuit Judges</u>

Opinion filed: April 21, 2009

OPINION

PER CURIAM

Michael Curtis Reynolds, a federal prisoner proceeding <u>pro</u> <u>se</u> and <u>in</u> <u>forma</u>

<u>pauperis</u>, has filed a mandamus petition pursuant to 28 U.S.C. § 1651, seeking to compel

a ruling of summary judgment in his favor.

Beginning in July 2006, Reynolds filed three civil rights complaints pursuant to 42

U.S.C. § 1983, against various correctional officers stemming from an incident in which

he was allegedly assaulted and denied law library privileges.  The three actions were

eventually consolidated into one, and Reynolds proceeded to file several motions for contempt and summary action against the named defendants.  According to Reynolds, he has filed no fewer than four contempt of court motions and twenty-five motions for summary judgment.  Apparently unhappy with the fact that the District Court has neither sanctioned the defendants for contempt nor entered summary judgment against them, Reynolds has filed the instant petition seeking an immediate award of summary judgment in his favor.

The writ of mandamus is an extraordinary remedy.  To justify the Court's use of this remedy, a petitioner must demonstrate that he has a clear and indisputable right to issuance of the writ.  Kerr v. United States District Court, 426 U.S. 394, 403 (1976); DeMasi v. Weiss, 669 F.2d 114, 117 (3d Cir. 1982).  As we have previously held, the management of its docket is committed to the sound discretion of the District Court.  In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982).  When a matter is discretionary, it cannot typically be said that a litigant's right is "clear and indisputable." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (U.S. 1980).  In the instant case, we do not hesitate to conclude that Reynolds presents no extraordinary circumstances warranting the grant of mandamus relief.

A review of the docket for the underlying proceeding shows that the parties have been directed to conclude discovery by March 31, 2009, and that any additional dispositive motions shall be filed no later than April 30, 2009.  We are confident that the

2

District Court will issue its decision in a timely fashion, provided, of course, that Reynolds does not continue to deluge the court with his numerous filings. Additionally, Reynolds will have an opportunity for appellate review of the District Court's handling of the contempt and discovery orders, as well as the motions for summary judgment, after the District Court has entered a final order.

Accordingly, we will deny the petition for a writ of mandamus. Reynolds' motion to expedite is likewise denied.